UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LOCKETT,

    Plaintiff,

v.

AMERICAN AXLE & MANUFACTURING, INC.,

    Defendant.

Case No. 20-cv-00653

Honorable Paul L. Maloney

Magistrate Judge Sally J. Berens

Marc A. Asch (P75499)
Attorney for Plaintiff
137 N. Park St, Suite 201B
Kalamazoo, MI 49007
Phone (617)653-8184
marc.a.asch@gmail.com

Jason R. Pelak (P79618)
Attorney for Plaintiff
700 Milam Street, Suite 1300
Houston, TX 77002
Phone (832) 871-5031
jason@pelaklaw.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
William B. Forrest III (P60311)
Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave.
Ste. 400
Birmingham, MI 48009
(248) 645-0000
wforrest@khvpf.com
tdavis@khvpf.com

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant American Axle & Manufacturing, Inc. ("AAM"), by and through its attorneys, answers Plaintiff's Complaint as follows:

### Jurisdictional Allegations

1. **Allegation:** The plaintiff Tracy Lockett is an individual who resided and was employed in St. Joseph County, State of Michigan, at all times relevant to this complaint.

   **Answer:** AAM lacks personal knowledge sufficient to form a belief about the truth of this allegation, and on that basis denies.

2. **Allegation:** The defendant American Axle & Manufacturing, Inc., was an employer at all times relevant to this complaint in St. Joseph County, State of Michigan.

   **Answer**: AAM admits only that it operates a facility in St. Joseph County, Michigan. To the extent that this paragraph implies that AAM is headquartered in, or has its principal place of business in, St. Joseph County, the allegation is denied.

3. **Allegation:** This case arises under the Family Medical Leave Act of 1993, 29 USC §2601 *et seq*.

   **Answer:** AAM admits only that Plaintiff's complaint purports to bring a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Otherwise, insofar as

this paragraph implies that Plaintiff has a valid claim under the FMLA, the paragraph is denied.

4. **Allegation:** This case arises out of the defendant's employment and discharge of the plaintiff in the Summer of 2018 in St. Joseph County, State of Michigan.

**Answer:** AAM admits only that Plaintiff's complaint purports to bring a claim related to her discharge in the summer of 2018 from a facility in St. Joseph County, Michigan. Otherwise, insofar as this paragraph implies that Plaintiff has a valid claim based on that event, the paragraph is denied.

5. **Allegation:** The Court has federal-question jurisdiction for the claims as alleged under the Family Medical Leave Act of 1993. 28 USC §1331.
**Answer:** Admitted.

6. **Allegation:** Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

**Answer:** AAM admits only that, based on the allegations set forth in Plaintiff's complaint, that venue is proper in this District. Otherwise, insofar as this paragraph implies that Plaintiff has a valid claim based on those allegations, the paragraph is denied.

## Common Allegations

7. **Allegation:** The plaintiff Tracy Lockett began working for the defendant in 2014. She was employed as an assembly worker.

    **Answer:** Admitted.

8. **Allegation:** During the time of her employment with the defendant, and through her termination, Ms. Lockett performed her job in a satisfactory manner.

    **Answer:** Denied.

9. **Allegation:** In 2015, Ms. Lockett suffered from worsening health conditions related to chronic-abdominal pain.

    **Answer:** AAM lacks knowledge or information sufficient to form a belief about the truth of this allegation, and on that basis denies.

10. **Allegation:** Ms. Lockett requested and was approved for FMLA starting in or around 2015. Ms. Lockett was continuously approved for FMLA through 2018.

    **Answer:** AAM admits only that Plaintiff applied for and received FMLA leave more than once on or after 2015. It is unclear what Plaintiff means to allege when she says she was "continuously approved for FMLA through 2018," and thus AAM lacks knowledge or information sufficient to form a belief about the truth of that allegation, and on that basis denies.

11. **Allegation:** Ms. Lockett was an eligible employee as defined by the FMLA. At all relevant times, she met the following requirements: she had worked at least one year with the defendant, she had worked at least 1,250 hours in the previous 12-month period and she worked at a location where at least 50 employees worked within a 75-mile radius.
**Answer:** Admitted.

12. **Allegation:** The defendant was a covered employer as determined by the FMLA. At all relevant times, the defendant employed 50 or more employees.
**Answer:**  Admitted.

13. **Allegation:**  Near or at the end of July of 2018, Ms. Lockett took two days off of work, and she called in reporting that she was using FMLA. After returning to work, the defendant stated to Ms. Lockett that the days off were not approved and discharged her. Said discharge occurred in August 2018.

    **Answer:**  AAM admits only that: (a) Plaintiff was absent for two days of work near or at the end of July 2018; (b) that AAM's third-party FMLA claims administrator Sedgwick informed AAM that Sedgwick did not approve those absences for FMLA leave; and (c) that Plaintiff was discharged for absenteeism in August 2018. Otherwise, AAM denies the allegations of this paragraph, or lacks knowledge or information sufficient to form a belief about the truth of those allegations, and on that basis denies.

14. **Allegation:** Near or at the start of January of 2019, an FMLA case manager contacted Ms. Lockett and informed her that her two days off that she was terminated for were approved. The case manager also instructed Ms. Lockett to contact human resources because the approval was faxed to defendant.

    **Answer:** It is unclear who Plaintiff is referring to with respect to her claims regarding a conversation with an "FMLA case manager." Insofar as this allegation appears to relate to a conversation with a third-party, AAM lacks knowledge or information sufficient to form a belief about the truth of the allegation, and on that basis denies.

15. **Allegation:** Ms. Lockett contacted human resources as instructed. In response, defendant informed Ms. Lockett that she was given a return to work date of 1/21/2019.

    **Answer:** AAM lacks knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of Paragraph 15, and on that basis denies. AAM admits only that, after negotiations with Plaintiff's union, she was offered and accepted conditional reinstatement in January 2019, with a return to work date on or around January 21, 2019.

16. **Allegation:** Defendant did not provide backpay for Ms. Lockett's lost wages from July 2018 through January 2019.

**Answer:** AAM admits that it did not provide Plaintiff backpay, because—represented by her union—Plaintiff agreed to reinstatement in exchange for a waiver of backpay.

17. **Allegation:** Defendant did not provide any relief to Ms. Lockett for the value of her lost employee benefits from July 2018 through January 2019

    **Answer:** AAM admits that it did not provide Plaintiff "relief…for the value of her lost employee benefits" because—represented by her union—Plaintiff agreed to reinstatement in exchange for a waiver of backpay.

18. **Allegation:** Other than the offer of reinstatement, defendant did not provide Ms. Lockett any compensation or other relief she may be due in relation to her loss of employment from July 2018 through January 2019.

    **Answer:** AAM admits that Plaintiff was offered reinstatement in exchange for a waiver of backpay, which she accepted. Otherwise, AAM denies the allegations in Paragraph 18, including the implication that Plaintiff is "due" compensation or other relief in relation to her loss of employment from July 2018 through January 2019.

## Count 1 – FMLA Interference Based on Discharge

19. **Allegation:** The plaintiff restates and re-alleges as though fully set forth herein all prior paragraphs of this complaint.

**Answer:** AAM restates all prior paragraphs of this Answer.

20. **Allegation:** The defendant denied Ms. Lockett use of FMLA leave that she was approved for and provided proper notice of, when it used the two days of absence against her and discharged her.

    **Answer:** Denied.

21. **Allegation:** As a result of the discharge, Ms. Lockett has suffered and will continue to suffer damages.

    **Answer:** Denied.

22. **Allegation:** This claim is actionable under the Family Medical Leave Act of 1993, 28 USC § 2601 *et seq.*

    **Answer:** Denied.

WHEREFORE, AAM respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award AAM its costs and attorney's fees in defending this action.

## AFFIRMATIVE DEFENSES

AAM hereby asserts the following affirmative defenses in this case:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff, represented by her union, agreed to waive back pay in exchange for her reinstatement. Plaintiff accepted the offer and was reinstated; consistent with that agreement, she

is not entitled to back pay. In the absence of back pay, Plaintiff has no basis for relief under the FMLA as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has unclean hands, and is thus not entitled to relief.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing the Complaint, and each of her causes of action, by reason of Plaintiff's own actions and course of conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right, if any, to pursue the Complaint, and each of her causes of action, by reason of Plaintiff's own actions and course of conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages or interest as she requests, because pursuant to 29 U.S.C. § 2617(a)(i)(A)(iii), if there was any violation, the act(s) or omission(s) alleged to have violated the FMLA were taken in good faith, and with reasonable grounds to believe that the act(s) or omission(s) were not a violation of the FMLA.

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.

By: /s/ Thomas J Davis
    William B. Forrest III (P60311)
    Thomas J. Davis (P78626)
    Attorneys for Defendant
    280 N. Old Woodward Ave., Suite 400
    Birmingham, MI 48009
    (248) 645-0000
    wforrest@khvpf.com
Dated:  November 20, 2020    tdavis@khvpf.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, the foregoing document and this Certificate of Service was served upon all counsel of record in this matter, via the Court's electronic filing system. I declare the above statements to be true to the best of my information, knowledge and belief.

/s/ *Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy Viviano
 Pelton & Forrest, P.L.C.
280 North Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
tdavis@khvpf.com